GEORGE S. WALKER *v.* ERASTUS COLLINS ET AL.

*Evidence. Harmless Error. Charge. Virtual Compliance with Requests.*

1. Where a witness has already, without objection, testified to a fact, it is not reversible error to exclude, upon objection, a question calling for the same fact, although the ground upon which the court excludes it is unsound, and the question admissible.

2. Plaintiff claimed that trespass was committed on the Knapp strip. Defendants insisted that there was no such strip, and requested the court to charge that if there was not, the verdict must be for them. Court told the jury that if there was no such strip, then the plaintiff had no title. *Held,* a compliance with the request, since the plaintiff claimed to recover because he had title.

3. Defendants claimed that a certain state of facts was true, and requested the court to instruct the jury that in consequence a certain other fact would be true. The jury were told that the latter fact would result, if they found the first state of facts as claimed by the defendants. *Held,* a compliance with the request.

This was an action of trespass on the freehold. Plea, the general issue, and trial by jury at the December Term, 1888, Powers, J., presiding. Exceptions by the defendants.

The plaintiff claimed that the trespasses were committed upon a strip of land, called the "Knapp strip," to which he held title under a deed from one A. H. Knapp; and his evidence tended to show that this strip was situated between ranges 7 and 8 in that part of the town of Rochester which was formerly Philadelphia, and that over part of its length it was bounded on the one side by lot 23 and on the other by lots 34 and 35. The trespasses were committed along the line of lot 23. The defendants were the owners of this lot, and claimed that there was no such strip as the "Knapp strip," but that their lot extended entirely to lots 34 and 35. The plaintiff introduced as a witness one Wright, a surveyor, who produced a plan, which was exhibited to the court but not to the jury, representing lots 23, 34 and 35 with a strip corresponding to this "Knapp strip" between

them, and gave evidence tending to show that there should be such a strip there. On cross-examination he was inquired of as to his experience as a surveyor in the old town of Philadelphia, and as to whether he had seen any field book of that town, and this question and answer were put and taken without objection.

· Q. " Did you find anything that authorized you to lay out a strip one hundred and six rods wide between the seventh and eighth ranges ?"

A. " No, sir, I never did anything of the kind. "

. Still further on in the cross-examination he was asked this question :

· Q. " Did you ever see any plan or field book which authorized you to insert a strip of land between ranges 7 and 8 ?" To which the plaintiff objected and it was excluded, against the exception of the defendants, " for that it called on the witness to state the contents of the plans and surveys, if he had seen any. The best evidence of what the plans and surveys show are the books themselves, and nothing appears as yet but what they are in existence and in the reach of the parties."

The questions raised by the exceptions of the defendants to the charge of the court appear in the opinion.

*J. J. Wilson*, for the defendants.

The defendants had the right to ask the witness Wright the question as to what field book he had ever seen containing this strip, for the purpose of testing his accuracy and means of information. The plan or book could not be produced until it was first ascertained whether there was one, and this was all that was called for by the question. There might be various plans or books, and what the defendants sought to do was to identify this particular one, or find out if there was such a one. . 1 Greenl. on Ev. 96; *Gilbert v. Duncan*, 29 N. J. 133 ; *Kalamazoo N. M. Works v. McAllister*, 40 Mich. 85.

*E. J. Ormsbee* and *T. O. Seaver*, for the plaintiff.

Wright having answered the question once, the defendants had no right to ask it again.

The jury were properly instructed as to the points embraced in the 2d and 3d exceptions of the defendants.

The opinion of the court was delivered by

TAFT, J.   I.   The defendants complain that a witness was not permitted to answer the question, " whether he had ever seen a plan or field-book, which authorized him to insert a strip of land between ranges seven and eight," in the town of Rochester. The court excluded the question for that the plan or field-book was the best evidence of its contents.   There was no error in excluding the question ; it had already been answered in favor of the defendants.   The witness had stated that he had never found anything that authorized him to lay out a strip between the ranges named.   If he had never found anything that warranted it, it was in substance saying that he had never found a plan or field-book authorizing it.   There was no reversible error, even if the ground assumed by the court was unsound, which is a point we do not decide ; it was the repetition of a question already answered.

II.   It was claimed that the trespass was committed upon the Knapp strip of land, which the plaintiff insisted was between the seventh and eighth ranges of lots.   The defendants' evidence tended to show there was no such strip, and they requested the court to charge that if the jury so found, the verdict be for the defendants, on account of the misdescription of the *locus in quo.* It related to that branch of the case in which the plaintiff claimed to recover, having title to the land.   The request was complied with.   The jury were told that if, in point of fact, there was no such strip of land as the Knapp lot, then it was very plain that the plaintiff had no title.

Walker *v.* Collins et al.

III.  In running the lines of the old town of Philadelphia, the Surveyor General was required by law, called the swag law, to allow one chain in thirty for the deflection of the chain in passing by obstacles.  The defendants requested the court to charge that each proprietor, and his grantees, would be entitled to the land so allotted, notwithstanding it overran in width the surveyor's description.  Whether entitled to the charge or not, it was in fact given, and the jury were told that before they applied that rule, they ought to be satisfied that the lots were so run, and that a deviation was so made in the measurement at the time the proprietors' survey was made.  The jury were told to consider that fact in determining where the lot lines were, in case they found the fact as the defendants claimed it, not otherwise.

*Judgment affirmed.*